# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:00-CR-00259 |
| v. | (JUDGE CAPUTO) |
| JOSEPH GORKO, JR. | |

## MEMORANDUM

Presently before the Court is Joseph Gorko's "Petition/Motion for the Dismissal of: Indictment, Conviction and Sentence as to and Pursuant to the Provisions of Fed. Rules Crim. Pro. 12(b)(2) [and Alternatively as Simultaneously Offered and Entered; Under Title 28 U.S.C. § 2241(c)(3) Habeas Proceedings]" (Doc. 193).  For the reasons stated below, Gorko's section 2241 habeas petition will be dismissed.

## BACKGROUND

On September 11, 2006, Gorko filed a "Petition/Motion for the Dismissal of: Indictment, Conviction and Sentence as to and Pursuant to the Provisions of Fed. Rules Crim. Pro. 12(b)(2) [and Alternatively as Simultaneously Offered and Entered; Under Title 28 U.S.C. § 2241(c)(3) Habeas Proceedings]" (Doc. 193), seeking his immediate release from the federal prison where he is serving his sentence after a jury found him guilty of mailing threatening communications in violation of 18 U.S.C. § 876 on April 5, 2002 (Doc. 196).

On September 13, 2006, the United States District Court for the Middle District of Pennsylvania (Vanaskie, J.) issued an Order and Notice of Election (Doc. 196),

requesting that Gorko make clear whether he desired to proceed in his action, notwithstanding the fact that Gorko did not label his motion as brought pursuant to 28 U.S.C. § 2255.  Judge Vanaskie advised Gorko that section 2255, and not section 2241, is the appropriate vehicle for challenging federal detention, absent a showing by the prisoner that a section 2255 remedy would be inadequate or ineffective to test the legality of his detention. (Doc. 196 p.3.)  Judge Vanaskie also cautioned Gorko that he had not provided any information indicating that a section 2255 remedy would be inadequate or ineffective. *Id.*  In addition, Judge Vanaskie found that Gorko's motion, to the extent that it relied upon Rule 12(b)(2) of the Federal Rules of Criminal Procedure, was inappropriate, as Gorko had already been tried and convicted and Rule 12(b)(2) motions are only proper before trial. (Doc. 196 p.1.)

On September 22, 2006, Gorko filed his Notice of Election, electing to proceed with his habeas petition, notwithstanding the fact that he did not label it as brought pursuant to section 2255. (Doc. 201.)  Gorko also filed "Petitioner's Reply to Order as Dated Sept. 13, 2006 Pursuant to Fed. R. Cr. Pro. 12(b)(2) And Alternatively Via § 2241 Habeas Proceedings" (Doc. 203).  Therein, Gorko states that his motion "was never intended to be construed as a [section] 2255 motion, or any other vehicle. [Section] 2241 as an alternative is acceptable and the motion can be interpreted on this basis." (Doc. 203 p.3.)

On November 3, 2006, Judge Vanaskie issued an Order (Doc. 206) recusing himself from Gorko's case.  Judge Vanaskie reasoned that he had been placed in an untenable position due to Gorko's civil suit against him, as well as Gorko's allegation that a section 2255 remedy would be inadequate or ineffective because Judge Vanaskie was

prejudiced against him. (Doc. 206 p.2).

Thereafter, Gorko's section 2241 habeas petition was assigned to this Court.

## DISCUSSION

Habeas corpus petitions brought under section 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to section 2241 petitions under Rule 1(b)). *See e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970).  A district court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen*, 424 F.2d at 141.

A challenge to the validity of a federal conviction or sentence is typically made pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  As such, Gorko's proper avenue for relief is a section 2255 motion, filed in the district court in which he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless Gorko can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." *Okereke*, 307 F.3d at 120;

28 U.S.C. § 2255 ("[a]n application for a writ of habeas corpus in behalf of a prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention").

The United States Court of Appeals for the Third Circuit has stated that section 2255 is inadequate or ineffective, thereby allowing for a section 2241 petition, only when it is established "'that some limitation of scope or procedure' prevents a movant from receiving an adjudication of his claim." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative. . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

A petitioner bears the burden of proving that section 2255 would be an inadequate or ineffective remedy. *Fredericks v. Williamson*, 185 Fed. Appx. 195, 196 (3d Cir. 2006). Here, Gorko's mere allegation that Judge Vanaskie, who presided over Gorko's jury trial, is prejudiced against him fails to meet his burden of showing that section 2255 is an inadequate or ineffective remedy. As Gorko has failed to present any information indicating that a section 2255 remedy is inadequate or ineffective, the Court will dismiss his section 2241 habeas petition.[1]

---

[1] The Court will also dismiss Gorko's petition to the extent that it relies upon Rule 12(b)(2) of the Federal Rules of Criminal Procedure, as a Rule 12(b)(2) motion is not appropriate after Gorko has already been tried and convicted. FED. R. CRIM. P. 12(b)(2) (providing for pretrial motions).

**CONCLUSION**

For the reasons stated above, the Court will dismiss Joseph Gorko's "Petition/Motion for the Dismissal of: Indictment, Conviction and Sentence as to and Pursuant to the Provisions of Fed. Rules Crim. Pro. 12(b)(2) [and Alternatively as Simultaneously Offered and Entered; Under Title 28 U.S.C. § 2241(c)(3) Habeas Proceedings]" (Doc. 193).

<u>November 17, 2006</u>             <u>s/ A. Richard Caputo</u>
Date             A. Richard Caputo
           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | NO. 3:00-CR-00259 |
| v. | |
| | (JUDGE CAPUTO) |
| JOSEPH GORKO, JR. | |

**ORDER**

**NOW**, this   17th   day of November, 2006, **IT IS HEREBY ORDERED** that:

(1) Joseph Gorko's "Petition/Motion for the Dismissal of: Indictment, Conviction and Sentence as to and Pursuant to the Provisions of Fed. Rules Crim. Pro. 12(b)(2) [and Alternatively as Simultaneously Offered and Entered; Under Title 28 U.S.C. § 2241(c)(3) Habeas Proceedings]" (Doc. 193) is **DISMISSED**.

(2) The Clerk of the Court is directed to mark this case as **CLOSED**.

s/ A. Richard Caputo
A. Richard Caputo
United States District Judge