# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DR. JOSEPH A. GORKO,

    Petitioner,

    v.

UNITED STATES OF AMERICA AND THOSE PARTIES AS NAMED AND SERVED,

    Respondents.

CIVIL ACTION No. 3:00-CR-0259

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before the Court is Joseph Gorko's "Motion to Clarify Record: In Support of Civil R.I.C.O. Action Pending Via Title 18 U.S.C. § 1964(c) [A 'Quo Warranto' Opportunity to Cure Entry']." (Doc. 221.) For the reasons stated below, Gorko's motion will be denied.

On November 17, 2006, this Court dismissed Joseph Gorko's "Petition/Motion for the Dismissal of: Indictment, Conviction and Sentence as to and Pursuant to the Provisions of Fed. Rules Crim. Pro. 12(b)(2) [and Alternatively as Simultaneously Offered and Entered; Under Title 28 U.S.C. § 2241(c)(3) Habeas Proceedings]" (Doc. 193) because a Rule 12(b)(2) motion was inappropriate in light of the fact that Gorko had already been tried and convicted, and because he had failed to present any information indicating that a 2255 remedy was inadequate or ineffective. (*See* Doc. 208.) The case was then marked as closed. (*Id.*)

Gorko thereafter filed a "Motion Via 60(b)(4) And [(3) & (6)] To Vacate Judgment, Erase Case And For The Immediate-Release of Movant As Pursuant to the F. Rules of

Civil Procedure." (Doc. 120.)  By Order of May 15, 2007, this Court denied this motion because, as the Federal Rules of Civil Procedure cannot provide relief from judgement in a criminal case, the Court was without jurisdiction to address the merits of Gorko's motion.  (Doc. 211.)

In the instant "motion to clarify," Petitioner seeks to have the record in this case "corrected" to reflect that a number of assertions, comprising eleven (11) pages of Petitioner's motion, are "true and indisputable."  (Doc. 221, at 2-3.)  After a case involving a petition for writ of habeas corpus is closed, courts grant motions to clarify in limited circumstances, such as to clarify that the case has been closed.  *See Hall v. Williamson*, No. 4:06-CV-2005, 2007 WL 61004, at *1-2 (M.D. Pa. Jan. 5, 2007).  Motions to clarify after habeas cases are closed may also be denied when the court's initial order "clearly states th[e] [c]ourt's finding ... and the factual basis for [its] finding."  *See Moore v. Harkleroad*, No. 1:06-CV-225-1-MU (W.D.N.C. Apr. 3, 2007).

This Court's previous orders (Docs. 208 & 211) clearly state this Court's findings and the factual bases therefor, and they clearly state that this case is closed.  For these reasons, NOW this ___16th___ day of May, 2008, it is hereby **ORDERED** that Petitioner's Motion to Clarify Record (Doc. 221) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

2