# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. JOSEPH A. GORKO, | |
| Petitioner, | CIVIL ACTION No. 3:00-CR-0259 |
| v. | (JUDGE CAPUTO) |
| UNITED STATES OF AMERICA AND THOSE PARTIES AS NAMED AND SERVED, | |
| Respondents. | |

## **MEMORANDUM ORDER**

Presently before the Court is Joseph Gorko's "Motion Demanding Post-Conviction DNA Testing as Pursuant to Title 18 USCS § 3600." (Doc. 224.) For the reasons stated below, Gorko's motion will be denied.

On September 19, 2000, Joseph A. Gorko, Jr. ("Gorko") was indicted by a grand jury sitting in the United States District Court for the Middle District of Pennsylvania on eleven (11) counts of mailing threatening communications in violation of 18 U.S.C. § 876. On February 14, 2001, a grand jury sitting in the United States District Court for the Northern District of Ohio indicted Gorko for two (2) counts of mailing threatening communications in violation of 18 U.S.C. § 876. The Ohio charges were transferred to the United States District Court for the Middle District of Pennsylvania, and on January 17, 2002 the two cases were consolidated. The case proceeded to trial in March 2002, and on April 5, 2002 a jury found Mr. Gorko guilty of all thirteen (13) charges in the these indictments. On February 23, 2003, following a psychiatric evaluation, Chief Judge Vanaskie sentenced Mr. Gorko to ninety-seven (97) months imprisonment.

In February 2003, Mr. Gorko filed an appeal with the United States Court of Appeals for the Third Circuit. The Third Circuit remanded to the District Court for further proceedings with regard to Gorko's psychiatric evaluation, and on October 29, 2004 the District Court entered an Order reinstating the appeal in the Third Circuit. Following arguments on February 2, 2006, the Third Circuit Court of Appeals affirmed Mr. Gorko's conviction, finding that the District Court did not err in its admission of evidence at trial and that sufficient evidence had been presented linking Gorko to the crimes in the indictments.

Mr. Gorko filed the present Motion on July 18, 2008, and seeks DNA testing of pieces of evidence, notably the envelopes originally containing the threatening communications that resulted in the indictments against Gorko. This Motion is filed pursuant to 18 U.S.C. § 3600.

A motion under 18 U.S.C. § 3600 must comply with ten conditions. First, (1) the applicant must assert that he either innocent of the offense of conviction. § 3600(a)(1). Second, (2) the evidence to be tested must have been "secured in relation to the investigation or prosecution" of the conviction being challenged. § 3600(a)(2). Third, (3) if the evidence was not previously subjected to DNA testing, the applicant must not have waived testing or procedurally defaulted the right to testing. § 3600(a)(3). Fourth, (4) the evidence must currently be in the possession of the government and remain subject to a chain of custody which insures that the evidence "has not been substituted, contaminated, tampered with, replaced, or altered in any respect material to the proposed DNA testing." § 3600(a)(4). Fifth, (5) the proposed testing must be reasonable in scope and use scientifically sound methods consistent with accepted forensic practices. § 3600(a)(5). Sixth, (6) the movant must identify a defense theory establishing his innocence of the challenged conviction that does not conflict with an affirmative defense presented at trial.

2

§ 3600 (a)(6). Seventh, (7) when the conviction followed a trial, the identity of the perpetrator must have been an issue in the trial. § 3600(a)(7). Eighth, (8) the proposed testing may reveal new material evidence consistent with this defense theory and raise "a reasonable probability" that the convicted individual did not commit the offense. § 3600 (a)(8). Ninth, (9) the convicted individual must agree to provide a DNA sample. § 3600(a)(9). And finally, (10) the motion must be timely. § 3600(a)(10). In response to Gorko's Motion, the Government argues that he has failed to satisfy four of these standards.

In its Response to Mr. Gorko's Motion, the Government first argues that Gorko failed to submit the motion under penalty of perjury as required by 18 U.S.C. § 3600(a)(1) as Gorko's Motion is not substantially in the form for unsworn declarations as established by 28 U.S.C. § 1746. (Gov. Resp., Doc. 227.) The Court has reviewed Gorko's Motion and does not find the language required by 28 U.S.C. § 1746. However, the Court will not deny Mr. Gorko's Motion for his failure to include the statutory language. Mr. Gorko is appearing before the Court in a *pro se* capacity, and the Court will afford his filing a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* filings to a less stringent standard than formal pleadings drafted by lawyers).

The Government next argues that Mr. Gorko has not shown that the proposed testing is reasonable in scope as required by 18 U.S.C. § 3600(a)(5). (Gov. Resp., Doc. 227.) The Court agrees that Mr. Gorko's Motion does not clearly identify the items to be tested or make any representation that the requested testing is appropriate in scope. In his Traverse Reply, (Doc. 228), Mr. Gorko does, however, more specifically identify pieces of evidence he desires to have tested and argues that this testing is not unreasonable in scope. Once again adhering to the liberal construction of *pro se* filings according to *Haines*, 404 U.S. 520, the

3

Court does not find a sufficient deficiency warranting a denial of Mr. Gorko's Motion with regard to this particular standard.  Throughout his Motion, Mr. Gorko makes reference to envelopes, flaps, and sealing or glue surfaces with respect to the DNA testing he hopes to obtain.  In his Traverse Reply, Mr. Gorko further details pieces of evidence he wants to have tested.  Viewing Mr. Gorko's filings liberally, and considering the nature and amount of evidence that Mr. Gorko seeks to subject to DNA testing, the Court determines that the proposed testing is not unreasonable in scope.

Next, the Government argues that Mr. Gorko has failed to identify a theory of defense not inconsistent with an affirmative defense presented at trial as required by 18 U.S.C. § 3600(a)(6). (Gov. Resp., Doc. 227.)  In his Motion, Mr. Gorko states that the proposed testing is consistent with his trial defense, in particular, his representations that he did not author or send the threatening letters.  Further, in his reply, Mr. Gorko argues that the proposed testing is consistent with trial arguments that the threatening communications in this case were sent by his father, Joseph Gorko, Sr., or other third parties who subsequently "framed" Mr. Gorko for the crime.  Accordingly, the defenses identified in Mr. Gorko's filings with respect to the proposed DNA testing appear to be the same defenses that he offered at trial, and the Court finds that Mr. Gorko's pleadings satisfy the standard established in 18 U.S.C. § 3600(a)(6).

Finally, the Government argues that Mr. Gorko has failed to show, as required by 18 U.S.C. § 3600(a)(8), that the proposed DNA testing would produce evidence that would support any new theory of defense or raise a reasonable probability that Gorko did not commit the offense.  (Gov. Resp., Doc. 227.)  In his Traverse Reply, Mr. Gorko suggests that, not only will his DNA not be found on the envelope flaps or other tested evidence, but

that the DNA of his father, Joseph Gorko, Sr., will be found.  According to Mr. Gorko, this presence of Gorko Sr.'s DNA will exculpate Mr. Gorko from guilt.  The Court does not agree.  Mr. Gorko was convicted at trial after the presentation of an abundance of evidence found in Mr. Gorko's domicile, including copies and drafts of the threatening communications, copies of forged letterheads, and a book entitled "Your Revenge is in the Mail" which describes the methods used to send the threatening communications in this case.  Mr. Gorko appealed his conviction to the Third Circuit Court of Appeals which affirmed his conviction, finding that the actions of the District Court had not unfairly prejudiced the Defendant and that a jury could reasonably convict Mr. Gorko on the evidence that had been presented.

Here, Mr. Gorko maintains that the DNA of his father, Joseph Gorko, Sr., will be found on the envelopes presented as evidence in this case.  The Court does not doubt that Joseph Gorko, Sr.'s DNA might be found on a number of these envelopes.  This is because Joseph Gorko, Sr. was the recipient of several of these communications and the movant here, Joseph Gorko, Jr., was a resident in Gorko Sr.'s home during the period when the threatening communications were placed in the mail.  Accordingly, the Court finds that the presence of Joseph Gorko, Sr.'s DNA on the envelopes introduced into evidence in this case would not raise a reasonable probability that Joseph Gorko, Jr. did not commit the crime for which he has been convicted.

Finally, Mr. Gorko specifically urges DNA testing on what he calls the "Angel Letter," a threatening communication sent to the Secret Service, purportedly from Amy Kellogg, a former acquaintance of Mr. Gorko's.  At trial, Mr. Gorko testified in his own defense and admitted that he authored, forged, and sent this and other Kellogg-related letters in an effort to assist Ms. Kellogg's career. (Trans., Vol. VII, Doc. 139, 191:7-195:21; 211:9-212:18;

221:24-233:1; 251:16-252:11; 255:20-259:10.)   Furthermore, Mr. Gorko admitted in his testimony to creating other false documents sent through the mail, possessing the "Your Revenge is in the Mail" book, and a knowledge of tactics used to obscure a letter's location of origination. (Id. 250:23-251:15.)

Any new evidence that could be garnered from the DNA testing that Mr. Gorko requests in his Motion would be insufficient to rebut the evidence and testimony that resulted in the trial jury's return of a guilty verdict.  Because the evidence sought by Mr. Gorko would not raise any reasonable probability that he did not commit the offenses for which he has been convicted, Mr. Gorko has failed to satisfy his burden of establishing each of the subsections of 18 U.S.C. § 3600(a).

For this reason, NOW this  22nd  day of October, 2008, it is hereby **ORDERED** that Petitioner's Motion Demanding Post-Conviction DNA Testing (Doc. 224) is **DENIED**.

                     /s/ A. Richard Caputo
                     A. Richard Caputo
                     United States District Judge